IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 1:CR-99-99 |
| v. : | |
| : | (Chief Judge Kane) |
| ALFONSO F. CARTER, : | |
| Defendant. : | |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Alfonso Carter's motion which: (1) requests an extension of time to file an appeal to this Court's order denying Petitioner's motions under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c); and (2) seeks leave to file a petition under 28 U.S.C. § 2241. (Doc. No. 121.)

On April 20, 2010, the Court issued its final order denying Petitioner's § 2255 motion and his motion for a reduction of sentence under 18 U.S.C. § 3582(c). (See Doc. No. 119.) Because the United States was a party in the case, Petitioner had 60 days after the order was entered to file an appeal. Fed. R. App. Pro. 4(a)(1)(B). Rather than filing an appeal within that time, on June 14, 2010, Petitioner filed his request seeking an extension of time to file his appeal. The Court will grant Petitioner's request. "The district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires . . . ." Fed. R. App. Pro. 4(a)(5)(A)(i). Petitioner now has an additional 30 days added to his time to appeal his § 2255 or 18 U.S.C. § 3582(c) motions. See Fed. R. App. Pro. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is

1

later."). Such appeal must be filed on or before July 19, 2010.[1]

Petitioner's secondary request is for leave to file a petition under 28 U.S.C. § 2241. No leave of Court is required for Petitioner to make such a filing. Therefore, to the extent that Petitioner seeks leave from this Court to file a § 2241 petition, the motion will be dismissed as unnecessary.[2]

**ACCORDINGLY**, on this 2nd day of July 2010, it is **HEREBY ORDERED THAT:**

---

[1] The Court notes that its granting of an extension of time to file an appeal should not be taken as an indication that it believes an appeal has any merit. An appeal from an order denying a § 2255 petition may not be taken unless a circuit justice or judge issues a certificate of appealability, thereby indicating that the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To satisfy the substantial showing requirement, an applicant "must show that reasonable jurists could debate whether . . . the [habeas] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted).

In his § 2255 petition, Petitioner raised five different claims of ineffective assistance of counsel. In order for a certificate of appealability to issue, Petitioner must establish that reasonable jurists could debate whether (1) the performance of his counsel fell below an objective standard of reasonableness; and (2) whether there is a reasonable probability that, but for counsel's errors, the result of the sentencing hearing would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 691-94 (1984); George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). Pursuant to this Court's analysis in its April 20, 2010 Order, the Court finds that reasonable jurists could not debate whether Petitioner's counsel provided ineffective assistance of counsel. Therefore, no certificate of appealability will issue from this Court as to Petitioner's § 2255 petition.

[2] The Court notes, however, that a petitioner can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). Unless Petitioner can demonstrate that his filing of a § 2241 petition is necessary because his remedy under § 2255 would be "inadequate or ineffective," the Court would be required to recharacterize it as a § 2255 motion. In that event, the motion would be "second or successive" to Petitioner's first § 2255 petition and Petitioner must seek leave from the Third Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

1. Petitioner's request for an extension of time to appeal from this Court's order denying him relief under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c) is **GRANTED**. A Notice of Appeal must be filed on or before July 19, 2010.

2. To the extent Petitioner seeks leave to pursue relief under 28 U.S.C. § 2241, Petitioner's request is dismissed as unnecessary.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
