# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO F. CARTER, | : | |
|     Petitioner | : | No. 1:99-cr-00099 |
| | : | |
| v. | : | |
| | : | (Chief Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM ORDER

Currently pending before the Court is Petitioner Alfonso Carter's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Doc. No. 130.) For the reasons set forth below, the Court will deny the motion without prejudice to Petitioner's right to seek certification from the United States Court of Appeals for the Third Circuit.

On April 21, 1999, the United States entered a two-count indictment against Petitioner for possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). After Petitioner pleaded guilty to possession with intent to distribute crack cocaine in excess of 50 grams, on December 13, 1999, the Court sentenced Petitioner to a 284-month prison term, followed by five years of supervised release. (Doc. No. 46.) Petitioner filed a direct appeal, and on December 5, 2002, the Third Circuit affirmed his sentence. United States v. Carter, 54 Fed. App'x 537 (3d Cir. 2002).

On December 8, 2003, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing, inter alia, that his defense counsel was ineffective. (Doc. No. 63.) The Court stayed the matter pending resolution of state-court litigation related to one of his prior sentences. (Doc. No. 81.) On October 8, 2008, the Court lifted the stay on proceedings, and

1

permitted Petitioner to file additional briefing. (Doc. No. 101.) On April 19, 2010, the Court denied Petitioner's Section 2255 motion along with a separately filed motion to reduce his sentence. (Doc. No. 119.) Petitioner appealed the Court's April 19, 2010 order, and the Third Circuit affirmed the Court's order on January 24, 2012. United States v. Carter, 477 Fed. App'x 875 (3d Cir. 2012). On March 20, 2013, the Petitioner filed a second motion to vacate his sentence pursuant to Section 2255, arguing that his defense counsel was ineffective. (Doc. No. 130.)

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a second or successive habeas corpus application filed by a federal inmate like Petitioner:

> [M]ust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Because Petitioner's motion is a second or successive habeas petition, it must be accompanied by certification from the court of appeals authorizing the petition. Id. Petitioner has failed to obtain the certification required from the Third Circuit; therefore, the Court lacks jurisdiction over Petitioner's motion. Id.

**ACCORDINGLY**, on this 4th day of April 2013, **IT IS HEREBY ORDERED THAT** Petitioner's motion to vacate his sentence (Doc. No. 130) is **DENIED WITHOUT PREJUDICE** to Petitioner's right to seek certification from the United States Court of Appeals

for the Third Circuit that would allow him to file a second or successive motion under 28 U.S.C. § 2255.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania